```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

DULCE CUCO,                       )
                                  )
     Plaintiff,                   ) Civil Action No. 5: 07-338-JMH
                                  )
V.                                )
                                  )
UNITED STATES OF AMERICA and      )    **MEMORANDUM OPINION**
FEDERAL BUREAU OF PRISONS,        )         **AND ORDER**
                                  )
     Defendants.                  )

                         **** **** ****

On November 20, 2007, Defendant the United States of America ("United States") filed a Motion to Dismiss, or in the alternative, for Summary Judgment [R. 4] on the claim asserted in the *pro se* civil action filed by Dulce Cuco ("Cuco") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). [R. 2] As Cuco was proceeding *pro se*, the Court entered an Order reminding Cuco of the need to file any response to the Defendant's motion within 30 days. [R. 7] Cuco failed to file any response to the motion within that time period.

Further, on February 14, 2008, the Defendants filed a Notice advising the Court that the Sixth Circuit Court of Appeals had affirmed the Court's dismissal of Cuco's claims asserted under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) in *Cuco v. Federal Medical Center*, 05-CV-232-KSF, in further support of its argument that Cuco's allegations failed to state a claim. [R. 9] Cuco did not file any response to the Defendants' Notice.

I.  BACKGROUND

In her Complaint, Cuco alleges that after her surrender into the custody of the Federal Bureau of Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), the medical staff at the facility failed to properly diagnose or adequately treat a number of conditions, including severe anemia, stomach problems, heavy menstrual bleeding, and post-traumatic stress disorder. Cuco filed an administrative tort claim with the BOP on August 13, 2004, which was denied by letter dated January 31, 2005.

In its motion for summary judgment, the United States urges dismissal on a number of grounds, including that (1) the medical care afforded to Cuco met the standard of care as a matter of law; (2) Cuco failed to support her allegations of negligence with expert testimony as required by Kentucky law; (3) certain medical care was provided by independent contractors for which the United States is not legally responsible; and (4) the dismissal of Cuco's claims under *Bivens* collaterally estopped her from relitigating those issues under the FTCA.

II. DISCUSSION

    **A.  Cuco Waived Opposition to the United States' Motion for Summary Judgment by Failing to File a Response.**

The United States filed its motion for summary judgment on November 20, 2007. [R. 4] Under Rule 7.1(c) of the Joint Local Rules for the Eastern and Western District of Kentucky and Rule 6

2

of the Federal Rules of Civil Procedure, Cuco was required to file any response in opposition to the motion within 15 days, with 3 additional days provided for service by mail. However, the Court's November 28, 2007 Order [R. 7] extended Cuco's time to respond to 30 days, and in doing so reminded Cuco of the need to file a response in opposition to the motion. Nonetheless, Cuco failed to file a response of any kind. Cuco also failed to respond to the United States' supplemental notice filed on February 14, 2008. [R. 9.]

The record before the Court compels the conclusion that Cuco's failure to respond in opposition to the United States' request for dismissal was a conscious choice. Under such circumstances, the Court can only conclude that Cuco has knowingly abandoned any opposition to the United States' motion for summary judgment, and it therefore should be granted. *Humphrey v. United States*, 2008 WL 2080512 (6th Cir. 2008) (citing *Scott v. State of Tennessee*, 1989 WL 72470, at **2 (6th Cir. 1989) (unpublished disposition) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion.")).

**B. Cuco's Negligence Claims, Unsupported by Expert Testimony, Fail as a Matter of Kentucky Law.**

Even if Cuco had not abandoned her opposition to the United States' motion for summary judgment, the Court would conclude - on the admittedly limited record before it - that summary judgment

3

would be proper.

Summary judgment should be granted where, even viewing the facts alleged in a light most favorable to the non-movant, the nonmovant fails to present sufficient evidence to sustain a jury verdict in his favor with respect to at least one essential element of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

In *Heavrin v. Jones*, Ky.App., 2003 WL 21673958 (2003), the Kentucky Court of Appeals set out the elements of a cause of action for medical malpractice under Kentucky law:

> To establish a prima facie case of medical malpractice, a plaintiff must introduce evidence, in the form of expert testimony, demonstrating (1) the standard of care recognized by the medical community as applicable to the particular defendant, (2) that the defendant departed from that standard, and (3) that the defendant's departure was a proximate cause of the plaintiff's injuries.

*Id.* at *2. The United States' motion for summary judgment asserts that Cuco has not presented sufficient evidence to uphold a jury verdict that the medical care provided by the BOP through its physicians fell below the applicable standard of care. The Court agrees. Faced with a motion for summary judgment under Rule 56,

4

Cuco was required to point to specific facts shown in affidavits, depositions, interrogatory responses, and admissions which support her position. FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 251-53. Cuco, by failing to file any response, has not supported her bare claim of medical negligence with expert testimony as required by Kentucky law. Where the totality of the evidence submitted "would require a directed verdict for the moving party," summary judgment must be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

This is particularly true where, as here, the applicable substantive law requires the nonmovant to meet a higher burden of proof. Under such circumstances, the non-movant's evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey*, 113 F.3d at 642; *Moore*, 992 F.2d at 1444. Kentucky law requires a medical malpractice plaintiff to support her allegation that the defendant physician's treatment did not meet the applicable standard of care with expert testimony to this effect as a part of his *prima facie* case. *Heavrin*, 2003 WL 21673958 (2003); *Andrew v. Begley*, Ky.App., 203 S.W.3d 165 (2006) ("To survive a motion for summary judgment in a medical malpractice case in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper.") Cuco has not offered any expert testimony which suggests that her medical treatment was below the applicable standard of care. Because Cuco has failed to produce any evidence that her

5

treatment fell below the applicable standard of care, let alone support that contention in the form of expert testimony, summary judgment must be granted for the United States.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Defendant's Motion to Dismiss, or In the Alternative, Motion for Summary Judgment [R. 4] is **GRANTED.**

2. The Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

3. An appropriate Judgment will be entered contemporaneously herewith.

This the 30th day of September, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge